# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JAMES K. BISHOP,

                              Petitioner,                 :      Case No. 2:19-cv-4780

         - vs -                                       District Judge Michael H. Watson
                                               Magistrate Judge Michael R. Merz

WARDEN,
   Richland Correctional Institution,

                                          :
                       Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254, brought *pro se* by Petitioner James Bishop, is before the Court for decision on the merits. Relevant pleadings are the Petition (ECF No. 1), the State Court Record (ECF No. 11), the Return of Writ (ECF No. 12), and Petitioner's Reply (ECF No. 13).

The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the Southern District (ECF No. 14).

**Litigation History**

Bishop was indicted by a Jefferson County grand jury on November 8, 2017, and charged with one count of theft, one count of receiving stolen property, one count of burglary, and one count of safe cracking (Indictment, State Court Record, ECF No. 11, Exhibit 1PageID 88-91). A jury

convicted Bishop on all counts and on a specification that the value of the property taken was more than $1,000 but less than $7,500. Bishop was sentenced to an aggregate sentence of nine and one-half years imprisonment (Judgment Entry, State Court Record, ECF No. 11, Exhibit 4PageID 101).

Bishop was granted a delayed direct appeal by the Ohio Seventh District Court of Appeals which affirmed the conviction and sentence. *State v. Bishop,* 2019-Ohio-2720 (Ohio App. 7th Dist Jun. 28, 2019) ("*Bishop I*"). On October 28, 2019, Bishop moved the Supreme Court of Ohio to grant a delayed appeal, but his motion was denied (Entry, State Court Record, ECF No. 11, Exhibit 14, PageID 186).

On September 30, 2019, Bishop filed an application to reopen his direct appeal under Ohio R. App. P. 26(B) (State Court Record, ECF No. 11, Ex. 15, PageID ). That application was denied. *State v. Bishop,* 2019-Ohio-4963 (Ohio App. 7th Dist., Nov. 21, 2019) ("*Bishop II*"), appellate review declined, 158 Ohio St. 3d 1435, 2020-Ohio-866.

On February 24, 2020, Bishop filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 (State Court Record, ECF No. 11, Exhibit 20PageID 288-95). The trial court denied an evidentiary hearing, but apparently had not decided the petition itself as of the date the Return was filed.[1]

Bishop filed his Petition for Writ of Habeas Corpus October 21, 2019, the date he deposited it in the prison mail system (ECF No. 1, PageID 16). He pleads the following grounds for relief:

> **GROUND ONE**: Sixth Amendment U.S. Constitution Section 10 Article I Ohio Constitution (Right to Speedy & Public Trial
>
> **Supporting Facts:** I was arrested in WV. at Tigor County on Sept 24, 2017. Transferred to Jefferson County Jail on Sept 29, 2017, my trial was Jan 9th 2018 & given 110 day Jail Time Credit which puts

---

[1] The Return of Writ reads the Jefferson County, Ohio, Court of Common Pleas docket as showing an appeal from a denial of the post-conviction petition, but the text of the docket entry shows it is an appeal from denial of reconsideration of jail-time credit (Compare Return ECF No. 12, PageID 591, with State Court Record, ECF No. 11, PageID 303-04.)

my trial at 101 day from Sept 29th 2017 clearly 11 days over speedy trial right, I never gave up my right, nor did any motion interfere with court date.

**GROUND TWO:** Sixth Amend US Cons. Sec 10 Article I Ohio Constitution Right to Effective Assistance of Counsel

**Supporting Facts:** My trial lawyer never came & went over any discovery with me or got any info I wanted to be presented or ask for any evidence I could offer that he needed to get for me. I even mention this at my trial to the court. The courts answer was "oh well" Take it up at appeal court", direct quote from Judge"

**GROUND THREE:** Eighth Amend. U.S. Constitution Sec 9 Article I Ohio Const. Cruel & unusual punishment

**Supporting Facts:** They did not grant a Rule 29 for acquittal when the policemen admitted on stand he has no evidence for burglary theft or safecracking, yet I was still convicted of them & gave max sentence and consecutive sent. 8 yr. & 1 ½ yr. 9 ½ total for a crime they did not produce any evidence for

**GROUND FOUR:** 2921.13 falsification

**Supporting Facts:** They said a picture of me was from East Liverpool Cashland & submitted it as Exhibit #6 it was proved it was not from East Liverpool Cashland but from Toledo where nothing was victims but still left as evidence exh. #6 when it should have been withdrawn the picture has a date on it putting me somewhere else confirmed at trial.

**Ground Five:**  Trial court erred when it fialed [sic] to address clearly shown falsified evidence.

**Ground Six:**  Trial court erred when it failed to recognize victim tampered with evidence.

**Ground Seven:**  The verdict was against the manifest weight of the evidence.

**Ground Eight**:  The sentence was imposed based on prejudice.

**Ground Nine:**  Credibility issues with witnesses was intentionally overlooked.

(Petition, ECF No. 1[2] (alterations and emphases in original)).

The Return of Writ does not discuss Grounds Five through Nine, but asserts the first four grounds are barred by Bishops' procedural defaults in presenting them to the Ohio courts and also that they are without merit. In his Reply, Bishop argues only his speedy trial claim and makes no reference to the Warden's procedural default defense.

**Evidence Outside the State Court Record**

Both in his Reply and in two separate filings (ECF Nos. 10 and 14), Bishop asks this Court to consider material outside the state court record to decide his case.

The first of these Motions Bishop captions "Motion to File Proof-D-Hor[3] "to show that Bishop's speedy trial rights were violated. He asks the Court to consider the following documents, copies of which are attached:

> **Attachment 1:** Decision of the Seventh District Court of Appeals on Bishop's Application for Reopening (ECF No. 10-1, PageID 56-69).

> **Attachment 2:** A four-page official court document relating to Bishop's arrest in West Virginia as a fugitive from Ohio on these charges. *Id.* at PageID 70-73

> **Attachment Three:** A three-page official court document from Jefferson County, Ohio, District Court No. 2 consisting of a warrant and complaint against Bishop for the charges in this case, and dated November 23, 2016. *Id.* at PageID 74-76.

---

[2] Grounds One through Four appear in the Petition in places designated by the standard form for four claims. These grounds are repeated in the Return of Writ as pleaded (ECF No. 12, PageID 592). However, Grounds Five through Nine appear in the form quoted here in the Petition at ECF No. 1, PageID 13.

[3] Bishops presumably means the word "dehors," a carryover from Law French into Ohio law which merely means "outside the record." Under Ohio law a claim of violation of a constitutional right which could not be raised on direct appeal can be raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21 if supported by evidence dehors the record.

4

> **Attachment Four:** An order from the Magistrate's Court in Preston County, West Virginia, transferring Bishop's case to the circuit court for Preston County. *Id.* at PageID 77.
>
> **Attachment Five:** Official court documents from the Preston County Circuit Court concerning Bishop's waiver of extradition to Ohio. *Id.* at PageID 78-80.
>
> **Attachment Six:** Transmission of extradition papers to Ohio. *Id.* at PageID 81-82.
>
> **Attachment Seven:** A report from the Regional Jail Facility in West Virginia showing Bishop was committed there upon his arrest on September 25, 2017, and released on September 29, 2017. *Id.* at PageID 83.[4]

Bishop makes no argument about why this Court should consider these documents except to say they show his right to a speedy trial under Ohio Revised Code § 2945.71 were violated.

Later, Bishop filed a sixty-page document he labeled "State Court Record" (ECF No. 14). This document consists of handwritten arguments of Bishop, interwoven with purported copies of trial courts exhibits and annotated pages from the trial transcript with Bishop's refutations interlineated.

Bishop's first motion was filed April 29, 2020, and has not been opposed by Respondent. The opinion of the Seventh District that is Attachment One is already part of the record filed by the Warden. The remaining documents were clearly all part of the record made in the West Virginia or Ohio courts in this case. Thus, they may properly be considered by this Court in deciding the case without breaching the rule in *Cullen v. Pinholster*, 563 U.S. 170 (2011). Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *United States ex rel Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003), *aff'd*, 388 F.3d 209 (6th Cir. 2004).

---

[4] Bishop labels combined attachments two through seven as "Attachment Two." Upon examination, the Magistrate Judge finds they were separately created and are properly labeled as set forth here.

However, the document filed by Bishop and labeled "State Court Record" cannot, as a whole. be added to the record in this case.  Those portions of its that consist of admitted exhibits or portions of the trial transcript are proper to be considered, but Bishop's interlinear comments and arguments are not.  This Court will consider the trial transcript as certified by the court reporter without the comments which have been added.

# Analysis

## Ground One:  Denial of Right to Speedy Trial

In his First Ground for Relief, Bishop claims he was deprived of his right to a speedy trial under the Sixth Amendment to the United states Constitution and under the Ohio Constitution.

Federal habeas corpus is available only to correct **federal** constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010*); Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248, 253 (6th Cir. 2018) (Thapar, J., concurring).  Therefore this Court cannot consider whether the Ohio courts violated any of Bishop's rights under the Ohio Constitution.

Further, failure to abide by state law is not itself a federal constitutional violation.  *Roberts*

*v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995).

Ohio Revised Code § 2945.71 is the Ohio speedy trial statute which requires that felony prisoners be brought to trial within 270 days, with jail time counted on a three-for-one basis (*i.e.*, each day spent incarcerated pretrial counts as three days on the speedy trial clock). Ohio Revised Code § 2945.71(E). Bishop raised a claim under Ohio Revised Code § 2945.71 as his Fourth Assignment of Error on application for reopening and the Seventh District decided it as follows:

> {¶ 25} Appellant states that he was not tried within the time prescribed by the applicable speedy trial statute, R.C. 2945.71. Again, Appellant does not provide any argument to support this assignment.
>
> {¶ 26} Ohio provides a statutory speedy trial right. Pursuant to R.C. 2945.73(B), "[u]pon motion made at or prior to the commencement of trial, a person charged with a offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." "A person against whom a charge of felony is pending: * * * (2) Shall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(C)(2). "For purposes of computing time * * * each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). This rule is known as the "triple count provision."
>
> {¶ 27} The prosecution and the trial court are required to try an accused within the time frame provided by the statute. *State v. Singer*, 50 Ohio St.2d 103, 105, 362 N.E.2d 1216 (1977); see also *State v. Cutcher*, 56 Ohio St.2d 383, 384, 384 N.E.2d 275 (1978). However, the general assembly recognized that some degree of

flexibility is necessary, thus extensions of the time limits are given in certain circumstances. *State v. Lee*, 48 Ohio St.2d 208, 209, 357 N.E.2d 1095 (1976). R.C. 2945.72 provides an exhaustive list of events and circumstances that extend the speedy trial limit.

{¶ 28} It does not appear that Appellant was released on bail. It also does not appear that he was held on any charges other than the instant charges. As such, the triple count provision applies, meaning the state was required to bring Appellant to trial within 90 days of his arrest. *State v. Kitzmiller*, 7th Dist. Columbiana No. 17 CO 0018, 2018-Ohio-3769, ¶ 7, citing R.C. 2945.71(E).

{¶ 29} The speedy trial clock begins to run the day after a defendant is arrested. *State v. Brown*, 7th Dist. Mahoning No. 03-MA-32, 2005-Ohio-2939. Appellant was arrested on September 29, 2017 and his speedy trial clock began to run on September 30, 2017. The speedy trial clock stopped on December 22, 2017 when defense counsel filed both a discovery request and a request for a bill of particulars. A defendant's discovery request tolls the speedy trial clock. *State v. Perry*, 2018-Ohio-3940, 120 N.E.3d 446, ¶ 16 (7th Dist.), citing *State v. Helms*, 7th Dist. Mahoning No. 14 MA 96, 2015-Ohio-1708, ¶ 20; *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, ¶ 26. To this point, 83 days of time had run for purposes of speedy trial calculation. The state responded to both motions on January 2, 2018. At that point, the clock resumed. Appellant's trial commenced on January 9, 2018, seven days later. Excluding tolled time, Appellant was brought to trial exactly 90 days after his arrest date. As such, the state complied with the applicable speedy trial provisions.

{¶ 30} Accordingly, Appellant's fourth assignment is also without merit.

*Bishop II*, 2019-Ohio-4963.

Bishop claims no motion interfered with this court date, but speedy trial time under Ohio Revised Code § 2945.71 was tolled by his counsel's demand for discovery and a bill of particulars as the Seventh District found. That is a question of Ohio law on which this Court is bound by the state court decision. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

Bishop's principal argument is that he was arrested on September 24 or 25, 2017, not September 29 (Traverse, ECF No. 13, PageID 616-17). However, the documents he submitted to

prove this point shows that his arrest on September 25 was on execution of a warrant issued by the West Virginia courts. He did not come into Ohio's custody until four days later after he waived extradition and was released to Ohio custody. The speedy trial limits in Ohio Revised Code § 2945.71 only apply to the time when Ohio could bring a person to trial. If Bishop had fought extradition and it had taken months for the West Virginia courts to resolve that question, Ohio could not have tried him whole he was in West Virginia's custody. Thus, there was no error in the calculation of the 90-day limit under Ohio Revised Code § 2945.71 from September 29, 2017, the date he came into Ohio's custody (ECF No. 10-1, PageID 83).

More to the point, that statute does not enact a time limit for speedy trial under the Sixth Amendment. While the Ohio statute is obviously aimed at protecting the same interests as the Sixth Amendment, it is much more rigid than the United States Constitution. The Supreme Court has developed a four-part balancing test to use in determining whether a defendant's Sixth Amendment right to a speedy trial has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant has asserted his right; and (4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. 514, 530-32 (1972). Delay is presumptively prejudicial only where the post-accusation delay approaches one year. *Doggett v. United States*, 505 U.S. 647, 652-53 n.1 (1992). Clearly, Bishop was not deprived of his Sixth Amendment right to a speedy trial when he was brought to trial within three months. His First Ground for Relief is without merit.

Respondent argues that the First Ground for Relief is not only without merit, but that consideration is barred by Bishop's procedural default in presenting it to the state courts.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims
> in state court pursuant to an adequate and independent state

9

> procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *accord*: *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise in federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

The United States Court of Appeals for the Sixth Circuit requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio*

*Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010) (*en banc*); *Eley v. Bagley,* 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord*: *Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>                    . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d at 138; *accord*: *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), quoting *Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

The function of an application for reopening under Ohio R. App.26(B) is to litigate claims of ineffective assistance of appellate counsel. In *Bishop II*, the Seventh District technically decided that it was not ineffective assistance of appellate counsel to fail to raise the speedy trial issue on direct appeal. To put that another way, it ruled out ineffective assistance of appellate counsel as excusing cause for Bishop's failure to include the speedy trial issue on direct appeal. Although its

11

decision on the Fourth Assignment of Error reads very much like a decision on the merits, technically it found this was not a colorable issue to justify reopening and thus enforced the Ohio procedural rule that issues that can be raised on direct appeal must be raised in that forum. On that basis, Ground One is also procedurally defaulted.

**Ground Two: Denial of Effective Assistance of Trial Counsel**

In his Second Ground for Relief, Bishop claims he received ineffective assistance of trial counsel because his attorney did not go over the discovery provided by the State and did not discuss any evidence that Bishop claims he had available.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010), citing *Knowles v. Mirzayance*, 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome." 466 U.S. at 694; *accord*: *Darden v. Wainwright*, 477 U.S. 168, 184 (1986), citing *Strickland*, 466 U.S. at 688. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), quoting *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes,* 558 U.S. 15, 27, 130 S.Ct. 383, 175 L.Ed.2d 328 (2009) (per curiam); *Strickland*, 466 U.S. at 693, 104 S.Ct. 2052, 80 L.Ed.2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. *Id*. at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*. at 693, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id*. at 693, 104 S.Ct. 2052, 80 L.Ed.2d 674.

*Richter*, 562 U.S. at 111-112.

It would obviously be deficient performance for a defense attorney to fail to consult with his or her client prior to trial to discuss the evidence the State was intending to present or the evidence available to the defendant to present. Bishop claims his defense attorney did not do this. This failure to consult would not appear on the direct appeal record and would require evidence outside (dehors) the record for its proof.

Bishop made a claim of ineffective assistance of trial counsel in his Petition for post-conviction relief, but it was much more limited than the claim he makes here: that trial counsel did not adequately pursue evidence from Tom Brown, his employer on the job where the theft was found to have occurred. The general ineffective assistance of trial counsel claim Bishop makes here has never been presented to the state courts and is therefore procedurally defaulted. *State v. Perry*, 10 Ohio St. 2d 175 (1967). As Bishop has not demonstrated good cause for failing to present it to the trial courts, Ground Two should be dismissed as barred by procedural default under the Ohio *res judicata* rule.


**Ground Three: Cruel and Unusual Punishment**


Bishop labels his Third Ground for Relief as being about cruel and unusual punishment, but he states it in terms of conviction on insufficient evidence by claiming his motion for judgment of acquittal under Ohio R.Crim.P. 29 should have been granted.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d

987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990) (en banc).  In order

for a conviction to be constitutionally sound, every element of the crime must be proved beyond a

reasonable doubt.  *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the
> light most favorable to the prosecution, any rational trier of fact
> could have found the essential elements of the crime beyond a
> reasonable doubt . . . .  This familiar standard gives full play to the
> responsibility of the trier of fact fairly to resolve conflicts in the
> testimony, to weigh the evidence and to draw reasonable inferences
> from basic facts to ultimate facts.

*Jackson*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States*

*v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007).  This rule was recognized in Ohio

law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991).  Of course, it is state law which determines the

elements of offenses; but once the state has adopted the elements, it must then prove each of them

beyond a reasonable doubt.  *In re Winship, supra.*  A sufficiency challenge should be assessed

against the elements of the crime, not against the elements set forth in an erroneous jury instruction.

*Musacchio v. United States*, 577 U.S. ___, 136 S.Ct. 709 (2016).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after

enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110

Stat. 1214) (the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner
> challenges the constitutional sufficiency of the evidence used to
> convict him, we are thus bound by two layers of deference to groups
> who might view facts differently than we would. First, as in all
> sufficiency-of-the-evidence challenges, we must determine
> whether, viewing the trial testimony and exhibits in the light most
> favorable to the prosecution, any rational trier of fact could have
> found the essential elements of the crime beyond a reasonable doubt.
> See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L.
> Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-
> evaluate the credibility of witnesses, or substitute our judgment for
> that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th

> Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, "deference should be given to the trier[-]of-fact's verdict under *Jackson*," and then to the appellate court's "consideration of that verdict, as dictated by AEDPA." *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008); *accord: Parker v. Matthews*, 567 U.S. 37, 43 (2012) (*per curiam*); *Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(*en banc*). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, ___, 132 S.Ct. 2, 181 L.Ed.2d 311, 313 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U. S. 766, 773, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (*per curiam*); *Parker v. Matthews*, 567 U.S at 43. The federal courts do not make credibility determinations in reviewing sufficiency of the evidence claims. *Brooks v. Tennessee,* 626 F.3d 878, 887 (6th Cir. 2010).

A habeas court cannot consider post-trial evidence in deciding a *Jackson v. Virginia* claim.

16

*McDaniel v. Brown*, 558 U.S. 120 (2010).

The Warden asserts Ground Three is procedurally defaulted because it was never presented to the Seventh District on direct appeal. That is an accurate reflection of the record and Ground Three should be dismissed on that basis.

Bishop did eventually present an insufficiency of the evidence claim in his Application to Reopen, but presentation there does not preserve the issue for habeas merits review. Because claims of ineffective assistance of appellate counsel are based on an analytically distinct legal theory from the underlying claims, the 26(B) Application does not preserve the underlying claims from default. *Scott v. Houk,* 760 F.3d 497, 505 (6th Cir. 2014); *Davie v. Mitchell,* 547 F.3d 297, 312 (6th Cir. 2008), and *Garner v. Mitchell,* 502 F.3d 394, 403 (6th Cir. 2007), *rehearing en banc granted and decision vacated on other grounds*, 557 F.3d 257 (6th Cir. 2009), both citing *White v. Mitchell,* 431 F.3d 517, 526 (6th Cir. 2005).

If the Court were to disregard the procedural default and reach the merits of this claim, Bishop would still not be entitled to relief. In considering the claim in *Bishop II*, the Seventh District wrote:

> {¶ 10} In his first assignment of error, Appellant claims that the state failed to present sufficient evidence to support his convictions for theft, burglary, receiving stolen property, and safecracking. In his fifth assignment of error, Appellant argues that the trial court erroneously denied his Crim.R. 29 motion for acquittal, based on his assertion that the state failed to present sufficient evidence. Appellant contends in these assignments that the state failed to produce evidence demonstrating the victim owned the jewelry at issue. As these issues are intertwined, they will be jointly addressed.
>
> {¶ 11} "Sufficiency of the evidence is a legal question dealing with adequacy." *State v. Pepin-McCaffrey*, 186 Ohio App.3d 548, 2010-Ohio-617, 929 N.E.2d 476, ¶ 49 (7th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997- Ohio 52, 678 N.E.2d 541 (1997). "Sufficiency is a term of art meaning that legal standard which is applied to determine whether a case may go to the jury or

17

whether evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Draper*, 7th Dist. Jefferson No. 07 JE 45, 2009-Ohio-1023, ¶ 14, citing *State v. Robinson*, 162 Ohio St. 486, 124 N.E.2d 148 (1955). When reviewing a conviction for sufficiency of the evidence, a reviewing court does not determine "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *State v. Rucci*, 7th Dist. Mahoning No. 13 MA 34, 2015-Ohio-1882, ¶ 14, citing *State v. Merritt*, 7th Dist. Jefferson No. 09-JE-26, 2011-Ohio-1468, ¶ 34.

{¶ 12} In reviewing a sufficiency of the evidence argument, the evidence and all rational inferences are evaluated in the light most favorable to the prosecution. *State v. Goff*, 82 Ohio St.3d 123, 138, 694 N.E.2d 916 (1998). A conviction cannot be reversed on the grounds of sufficiency unless the reviewing court determines that no rational juror could have found the elements of the offense proven beyond a reasonable doubt. *Id*. Applying these principles to Appellant's application, it is difficult to determine whether he believes the state did not prove that any of the jewelry belonged to the victim, or that the state failed to prove that jewelry subsequently recovered from pawn shops belonged to the victim. In either event, the record reflects that the state produced sufficient evidence to prove that the jewelry in question belonged to the victim.

{¶ 13} The victim testified that she was able to determine which of her pieces of jewelry were missing from the locked box on her dresser because the entire top tray of the box contained her fine jewelry and the custom jewelry designed by her late husband. When she testified that the contents had been removed from her husband's lockbox, it appears she referred to all of the contents. (Trial Tr., p. 154.) According to the victim, these pieces were easily identifiable due to the customized designs. Regarding the pieces specifically recovered from the pawn shops, the description of the recovered jewelry matched the descriptions the victim provided to law enforcement. (Trial Tr., p. 176.)

{¶ 14} Law enforcement presented evidence that it was Appellant who pawned these specific pieces of jewelry. One piece of evidence consists of a photograph of Appellant at the pawn shop counter. Also presented were receipts that included a description of the items pawned and a copy of Appellant's driver's license.

{¶ 15} Accordingly, the state provided sufficient evidence that the jewelry at issue belonged to the victim. As such, Appellant's first and fifth assignments of error are without merit.

*Bishop II*, 2019-Ohio-4963.

Petitioner's claim in response is essentially:  that the victim should not have been believed; and that there were inconsistencies in her testimony and between her testimony and documentary evidence.  But the role of a federal habeas court on a sufficiency of the evidence claim is not to re-weigh the credibility of the witnesses.  That was the role for the jury, and then for the Seventh District in reviewing the verdicts.  This Court's task is to determine, as to the merits, whether the Seventh District's decision was an objectively unreasonable application of *Jackson*.  It was not.  That court applied the correct standard and there was evidence in the record, which the jury believed, to support a guilty verdict.

Bishop's Third Ground for Relief should be dismissed as procedurally defaulted and without merit.

**Ground Four:  False Evidence**

In his Fourth Ground for Relief, Bishop claims he was convicted on falsified evidence in the sense that State's Exhibit 6, which supposedly shows him at a Cashland in East Liverpool actually was taken in Toledo.  Moreover, although this was demonstrated at trial, the Exhibit was never withdrawn (Petition, ECF No. 1, PageID 10).

Based on Bishop's claim that the falsity of the evidence can be shown on the direct appeal record, this is a claim that should have been raised on direct appeal but was not.  The claim is therefore procedurally defaulted unless Bishop can show excusing cause and prejudice.  as noted above, he does not address the procedural default issue at all.  In his Application to Reopen he raised a similar claim as omitted Assignment of Error 8.  The Seventh District decided the claim

as follows:

> TRIAL COURT ERRORED [SIC] WHEN IT DID NOT WITHDRAW SIAD [SIC] EVIDENCE EXHIBIT #6 AFTER PROVING IT WAS FALSE.
>
> {¶ 38} Appellant contends that the trial court erroneously admitted exhibit six after it was proven to be false. Appellant does not describe exhibit six, however, the record indicates that it is a "LEADS" printout, used to show that Appellant pawned jewelry belonging to the victim.
>
> {¶ 39} Despite Appellant's claims, there is no evidence that the pawned jewelry did not belong to the victim and his eighth assignment of error has no merit.

*Bishop II*, 2019-Ohio-4963.  In other words, the court of appeals found the evidence was not "false."  This is a finding of fact by the state court to which this Court must defer in the absence of clear and convincing evidence to the contrary, which Bishop has not shown.  Ground Four should therefore be dismissed both as procedurally defaulted and on the merits.

**Ground Five:  Failure to address false evidence.**

Bishop pleads no supporting facts at all.  Ground Five appears to be a restatement of Ground Four and it should be dismissed on the same basis.

**Ground Six:  Failure to Correct Evidence Tampering by Victim**

As with Ground Five, Bishop pleads no supporting facts.  He raised this claim as omitted Assignment of Error 7 in his Application for Reopening and the Seventh District decided it as follows:

{¶ 36} Appellant claims that one of the witnesses tampered with evidence. Appellant does not specify which witness tampered with evidence nor does he state what evidence was tampered with. It can be gleaned from the entirety of his application that he is referring to the victim's valuation of the jewelry. Appellant appears to base his assignment on the fact that the jury found that the state had failed to prove the value of the jewelry rose to the level charged in the indictment, which reduced the degree of his theft conviction from a felony of the fourth degree to a felony of the fifth degree.

{¶ 37} While the jury determined that the state had not met its burden to prove the value of the stolen jewelry rose to the level charged within the indictment, nothing in this record suggests that the victim or the state fabricated the value of the jewelry or intentionally misled the jury as to its value. Accordingly, Appellant's seventh assignment of error is without merit.

*Bishop II*, 2019-Ohio-4963.

If by tampering with evidence Bishop means overstating its value, Bishop received the benefit of this claim when the jury refused to return a verdict for as serious a theft as the State had asked. If Bishop means something else by "tampering," he has not explained what he means so that this Court can evaluate his claim, which should therefore be dismissed on the merits. The claim should also be dismissed as procedurally defaulted because it was not raised on direct appeal.

**Ground Seven: Verdict Against the Manifest Weight of the Evidence.**

In his Seventh Ground for Relief, Bishop claims his conviction was against the manifest weight of the evidence. A weight of the evidence claim is not a federal constitutional claim. *Johnson v. Havener*, 534 F.2d 1232, 1234 (6th Cir. 1986). Ground Seven should therefore be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Eight**:  **The sentence was imposed based on prejudice.**

Here again, Bishop pleads no supporting facts.  In Ohio, it is the judge who imposes sentence, so this Court reads this as a claim that the trial judge was biased against him.  But Bishop does not even state what kind of prejudice he is accusing the judge of.  Moreover, if he had a good faith basis for believing the judge was biased, he could have filed for disqualification in the Supreme Court of Ohio, which he did not do.  Ground Eight should therefore be dismissed on the merits and as procedurally defaulted for failure to seek disqualification.

**Ground Nine:  Credibility Issues with Witnesses Were Overlooked**

In his Ninth Ground for Relief Bishop claims credibility issues with witnesses were overlooked.  If this is a criticism of the jury's verdicts, it is impossible to prove because we do not know (and cannot find out as a matter of law) what the jury thought about witness credibility.  The jury is a "black box" into which the system pours admissible evidence and instructions on how to evaluate that evidence.  The jury's decision on credibility, provided they have been properly instructed, is not reviewable on appeal, much less in habeas corpus.

If, however, Bishop is criticizing the judge, he has misunderstood something fundamental about our system of criminal trials.  If a witness is competent to testify, a judge cannot exclude him or her or strike his testimony merely because he disbelieves it.  Evaluation of credibility is for the jury.

In either event, Bishop did not raise this claim in the Ohio courts.  Therefore, Ground Nine should be dismissed on the merits and as procedurally defaulted.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 30, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.