# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

JAMES K. BISHOP,

     Petitioner,     :  Case No. 2:19-cv-4780

  - vs -           District Judge Michael H. Watson
                 Magistrate Judge Michael R. Merz

WARDEN,
 Richland Correctional Institution,

             :

     Respondent.

# DECISION AND ORDER

   This habeas corpus case on Petitioner's Request that Handwritten Entry Be Considered (ECF No. 19). The Magistrate Judge understands that this Motion refers to a sixty-page document Bishop filed with the label "State Court Record" (ECF No. 14). This document consists of handwritten arguments of Bishop, interwoven with purported copies of trial courts exhibits and annotated pages from the trial transcript with Bishop's refutations interlineated. In the pending Report and Recommendations, the Magistrate Judge declined to consider this document in the form submitted because

> Those portions of it [ECF No. 14] that consist of admitted exhibits
> or portions of the trial transcript are proper to be considered, but
> Bishop's interlinear comments and arguments are not. This Court
> will consider the trial transcript as certified by the court reporter
> without the comments which have been added.

   Bishop asks for reconsideration of that decision and points to language in the standard form for habeas corpus petitions and the Rules Governing § 2254 Cases that allow filings that are

handwritten.  The Magistrate Judge accepts the authority of those rules, but that is not the reason the document cannot be considered.  Rather the document consists of pages from the State Court Record as filed by the Warden (ECF No. 11) with Bishop's handwritten notes which consist partly of argument and partly of factual assertions which are not backed up by evidence.  For example, PageID 636 consists of a page copied from the trial transcript where Bishop has highlighted some of the victim's testimony and then written in "The never told the cop that or says anything in her statement about buying jewelry to replace.  Why was it done before she contacted police?" (Motion, ECF No. 14, PageID 636).  How does Bishop know what the victim told the police?  Where in the record is the victim's statement that Bishop is referring to?  How does he know that she did it before contacting the police?  All of these questions or comments might have been useful to undermine the victim's credibility, but a habeas corpus court cannot inquire into those questions.  Rather, credibility questions are reserved for the trier of fact, in this case the jury.

The next two pages of Bishop's submitted "State Court Record" consist of a photograph which is unauthenticated – was it part of the record before the trial court? – and a table consisting of Bishop's unsworn statement comparing various items allegedly stolen.  That table cannot now be admitted in evidence because this Court is limited to the record before the state courts.  *Cullen v. Pinholster*, 563 U.S. 170 (2011).

These examples are drawn from just the first several pages of Bishop's filing, but they exemplify the problems with the whole document.  In general, the factual statements are unsworn and are not part of the record made in the trial court.  It would not help if Bishop swore to the truth of all the statements because we are limited to what was in the state court record.  And in general Bishop does not relate these various notations to the claims for relief he has made.

2

The Request that Handwritten Entry Be Considered (ECF No. 19) is DENIED.


July 21, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge