**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

JAMES K. BISHOP,

        Petitioner,     :     Case No. 2:19-cv-4780

  - vs -                             District Judge Michael H. Watson
                                     Magistrate Judge Michael R. Merz

WARDEN,
  Richland Correctional Institution,

                                  :
        Respondent.

**DECISION AND ORDER DENYING DISMISSAL WITHOUT
PREJUDICE AND GRANTING EXTENSION OF TIME TO OBJECT**

This habeas corpus case is before the Court ON Petitioner's "Objection to the Magistrate 's July 16, 2020, Supplement to Report and Recommendation and Request for Extension of Time to Object to Remaining Grounds for Relief Pending Determination of Grounds 1 and 2."  (ECF No. 23).

The Magistrate Judge reference in this case was transferred to the undersigned after the pleadings were completed with the filing of Petitioner's Reply on June 5, 2020.  The undersigned then filed a Report and Recommendations recommending dismissal with prejudice of all nine Grounds for Relief (ECF No. 16).  Petitioner timely objected as to Grounds One and Two, asked for an extension of time to object on the remaining grounds until Grounds One and Two had been decided, and requested "that the petition be dismissed [without prejudice] as an [sic] mixed petition containing exhausted and unexhausted claims " (ECF No. 17, PageID 722).

The Magistrate Judge responded to these Objections by noting that Ground One was procedurally defaulted because it could have been but was not raised on direct appeal (ECF No. 18,

1

PageID 725).  Dismissal without prejudice of Ground One would be of no benefit to Bishop because Ohio does not provide for a second direct appeal.  As to Ground Two, ineffective assistance of trial counsel for failure to go over the state-provided discovery with Bishop, The Magistrate Judge noted that this is the kind of claim which must be proved by evidence outside (dehors) the record in a post-conviction proceeding.  Bishop had filed such a petition but not included this claim and it did not appear he could satisfy the very strict jurisdictional limitations on second post-conviction petitions. *Id.* Finally, the Magistrate Judge extended Bishop's time to object on all nine grounds to August 3, 2020. *Id.* at PageID 726.

Bishop's instant Motion was allegedly mailed July 28, 2020, although the postmark shows it was mailed August 6, 2020; it did not reach the Court until August 10, 2020.  Assuming the truthfulness of Bishop's Certificate of Service, the Motion is in time to be considered as if it were a set of Objections.

Bishop now claims that he has an available state court remedy on Grounds One and Two because he filed a second Petition for Post-Conviction relief in the Common Pleas Court of Jefferson County on February 24, 2020.  He attaches only the first page of that second Petition (ECF No. 23-1, PageID 755).  This is the first time he has brought this second Petition to this Court's attention despite many filings here since he filed in Jefferson County.  The docket of this case in Jefferson County, Ohio, shows that his motion to amend his second Petition to include Grounds One and Two has been denied by that court,[1] although a copy of the order denying the motion to amend is not available on the website.  At this point in time, Bishop has not shown he has an available state court remedy on Grounds One and Two.  Without such a remedy, it would be error for this Court to stay this case pending the outcome of state court proceedings. *Rhines v. Weber*, 544 U.S. 269 (2005).

---

[1] *State v. Bishop,* Case No. 17CR00143, at htpps://eservices,jeffersoncountyoh.com (last visited August 13, 2020)

Bishop asks the Court to dismiss his Petition without prejudice, but this will not help his case because when he attempted to return to federal court, he would face the statute of limitations bar.  The statute is not tolled by the pendency of a habeas petition.  *Duncan v. Walker,* 533 U.S. 167 (2001).  Because Bishop may not have understood this possible consequence, the Magistrate Judge has not granted his request for a dismissal without prejudice.  If he insists, however, now that he has been advised of the consequences, he would be granted a dismissal without prejudice.

Bishop's request that the Court sever consideration of Grounds One and Two from Grounds Three through Nine is rejected.  Simply put, this Court does not adjudicate parts of cases.

In light of the foregoing, Bishop's time to file one comprehensive set of objections on all the Grounds for Relief is extended one final time to and including September 8, 2020.  No further extensions will be granted.

August 13, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge
