# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JAMES K. BISHOP,

       Petitioner,    :   Case No. 2:19-cv-4780

- vs -                  District Judge Michael H. Watson
                              Magistrate Judge Michael R. Merz

WARDEN,
  Richland Correctional Institution,

                              :

       Respondent.

## DECISION AND ORDER

This habeas corpus case is before the Court on "Petitioner's Motion Requesting Correction of Judge Watson Findings of Fact in the August 14, 2020 Decision and Order (Doc.#24); and Request To Dismiss Petition Without Prejudice As Mixed Petition" (the "Motion," ECF No. 25).

There are no findings of fact by District Judge Michael Watson in the August 14, 2020, Decision and Order (ECF No. 24).  That decision is entirely the work of Magistrate Judge Michael R. Merz which Judge Watson has not reviewed nor been requested to review.

Petitioner asserts the Decision is incorrect insofar as it characterizes his Petition for Post-Conviction Relief filed in the Jefferson County Court of Common Pleas on February 24, 2020, as a second petition under Ohio Revised Code § 2953.21 (Motion, ECF No. 25, PageID 761).  The Magistrate Judge agrees and that characterization is WITHDRAWN.  The Magistrate Judge notes that a copy of the referenced post-conviction petition was filed by Respondent as part of the State

Court Record (ECF No. 11, Ex. 20). Although the record contains an entry denying an evidentiary hearing on that Petition (State Court Record. ECF No. 11, Ex. 21), nothing further has been filed to show the status of that case and thus the record does not show that this potential state court remedy has been exhausted.

In the Decision, the Magistrate Judge cautioned Bishop against requesting a dismissal without prejudice because the statute of limitations would not be tolled on account of the pendency of the Petition herein and Bishop would face a possible argument that a second-in-time petition would be treated by the federal courts as second or successive, requiring permission from the Sixth Circuit Court of Appeals before it could proceed (Decision, ECF No. 24, PageID 760).

Bishop responds that his time to file in habeas corpus is tolled by his filing his Petition for Post-Conviction Relief (ECF No. 25, PageID 762). Under 28 U.S.C. § 2244(d)(2), the habeas corpus statute of limitations is tolled by the proper filing of any collateral attack on the judgment. The question of whether Bishop's Post-Conviction Petition was properly filed and therefore tolls the statute is one which should be decided in the first instance by the Ohio courts; this Court does not yet have any record of any such decision.

In light of these considerations, the Magistrate Judge believes the Report and Recommendations was filed prematurely. Accordingly, the Report and Recommendation is WITHDRAWN. Further proceedings in this case are STAYED pursuant to *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005), pending the final outcome of Petitioner's petition for post-conviction relief. The parties are ordered to keep this Court currently informed of the status of those proceedings by filing a report of that status not later than September 15, 2020, and on each occasion thereafter when an Ohio court makes a decision in that matter.

In order to avoid later litigation over whether a refiled petition would be second or

successive, Bishop's Motion to Dismiss without prejudice is DENIED.

September 1, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge