IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

JAMES K. BISHOP,

        Petitioner,      :     Case No. 2:19-cv-4780

  - vs -                                  District Judge Michael H. Watson
                                            Magistrate Judge Michael R. Merz

WARDEN,
  Richland Correctional Institution,

                                            :
        Respondent.

## DECISION AND ORDER DENYING MOTION FOR *DE NOVO* REVIEW

This habeas corpus case is before the Court on Petitioner's Motion for de novo review of the sufficiency of the evidence in his case or for judgment of acquittal under Fed. R. Crim. P. 29 (ECF No. 27).

Fed. R. Crim. P. 29 applies only to criminal cases originally tried in federal court and has no application in habeas corpus.

Bishop raised insufficiency of the evidence as his Third Ground for Relief in his Petition. In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214) (the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to

1

> convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, "deference should be given to the trier[-]of-fact's verdict under *Jackson*," and then to the appellate court's "consideration of that verdict, as dictated by AEDPA." *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008); *accord*: *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (*per curiam*); *Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(*en banc*). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, ___, 132 S.Ct. 2, 181 L.Ed.2d 311, 313 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was

2

> 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. 766, 773, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (*per curiam*); *Parker v. Matthews*, 567 U.S at 43. The federal courts do not make credibility determinations in reviewing sufficiency of the evidence claims. *Brooks v. Tennessee,* 626 F.3d 878, 887 (6th Cir. 2010).

Based on this controlling authority from the United States Supreme Court and the Sixth Circuit Court of Appeals, this Court is not authorized to review the sufficiency of the evidence in this case *de novo*.

The Motion for de novo review is DENIED.

September 3, 2020.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

3